# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

*Electronically Filed*

| | |
|---|---|
| MICHAEL EADS | ) |
| Plaintiff | ) ) ) Case No. _____ |
| v. | ) ) |
| ZIMMER, INC., ZIMMER HOLDINGS, INC. and ZIMMER US, INC. | ) **NOTICE OF REMOVAL** ) ) |
| Defendants | ) ) ) |

PLEASE TAKE NOTICE that the defendants, Zimmer, Inc., Zimmer Biomet Holdings, Inc., f/k/a/ Zimmer Holdings, Inc.,[1] and Zimmer US, Inc. (collectively, "Zimmer"), remove the state court action entitled *Michael Eads v. Zimmer, Inc., et al.*, Case No. 22-CI-01027, from the Circuit Court of Fayette County, Kentucky (the "Action"), to this Court based upon diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## I.   PLEADINGS

1. This is a product liability action in which the plaintiff, Michael Eads ("Plaintiff"), alleges that Zimmer designed, developed, manufactured, tested, marketed, promoted, distributed, and sold an allegedly defective hip replacement implant (the "Device") that was implanted into Plaintiff's right hip. *See* Complaint, ¶¶ 1-3, attached with service of process documents for each defendant as **Exhibit A**. Specifically, Plaintiff alleges that he experienced "hardware failure and

---

[1] Named in Plaintiff's Complaint as Zimmer Holdings, Inc.

dissociation of the femoral head" component of the Device and that this caused him to "suffer[] severe pain and discomfort and the inability to function with his activities of daily living," including the need to undergo revision surgery to remove and replace the Device. *Id.*, ¶¶ 2-3, 13-14. Plaintiff claims "past, present and future pain and suffering; severe and possibly permanent injuries; emotional distress; disability; disfigurement; economic damages (including medical and hospital expenses); monitoring, rehabilitative and pharmaceutical costs; and, lost wages and loss of future earnings," and also requests imposition of punitive damages. *See id.* at ¶¶ 18, 58 (Plaintiff's Prayer for Relief).

2. Plaintiff commenced the Action by filing the Complaint in the Circuit Court of Fayette County, Kentucky, Case No. 22-CI-01027 on April 14, 2022. *See id.*

3. The Zimmer entities were served by certified mail on May 3, 2022. A true and correct copy of the Summons is provided with the attached Complaint. *See* **Exhibit A**.

4. Zimmer has not yet answered or otherwise responded to the Complaint.

## II.    REMOVAL IS PROPER IN THIS CASE

5. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The Action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely; (ii) there is complete diversity of citizenship between Plaintiff and the Defendants pursuant to 28 U.S.C. § 1332(c)(1); (iii) the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied; and (iv) this Court is the proper venue.

**A.    Removal is Timely.**

6. Removal is timely, pursuant to 28 U.S.C. § 1446(b), because Zimmer has filed this Notice of Removal within 30 days of being served with the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day clock

for removal does not begin to run until service is perfected). As noted above, Zimmer was served on May 3, 2022. See **Exhibit A,** *supra.*

**B.     The Diversity of Citizenship Requirement is Satisfied.**

7.     As alleged in the Complaint, Plaintiff is "an adult resident and citizen of the Commonwealth of Kentucky, residing in the city of McDowell, which is located in Floyd County." (Complaint, ¶ 4, Ex. A) Plaintiff is therefore a citizen of the Commonwealth of Kentucky for the purposes of determining diversity.

8.     Zimmer Biomet Holdings, Inc., f/k/a Zimmer Holdings, Inc., is, and was at the time this Action was filed, a Delaware corporation with its principal place of business in Warsaw, Indiana. *See id.*, ¶ 6.

9.     Zimmer, Inc. is, and was at the time this Action was filed, a Delaware corporation with its principal place of business in Warsaw, Indiana. *See id.*, ¶ 5.

10.     Zimmer US, Inc. is, and was at the time this Action was filed, a Delaware corporation with its principal place of business in Warsaw, Indiana. *See id.*, ¶ 7.

11.     Therefore, there is complete diversity of citizenship between Plaintiff (a citizen of the Commonwealth of Kentucky) and each of the defendants (citizens of the States of Indiana and Delaware).

**C.     The Amount in Controversy Requirement is Satisfied.**

12.     Plaintiff seeks unspecified compensation for "past, present and future pain and suffering; severe and possibly permanent injuries; emotional distress; disability; disfigurement; economic damages (including medical and hospital expenses); monitoring, rehabilitative and pharmaceutical costs; and, lost wages and loss of future earnings," and Plaintiff also requests imposition of punitive damages. *See id.*, ¶¶ 18, 58. As no specific amount in controversy was

alleged, Zimmer can meet its burden for removal through demonstrating, by a preponderance of evidence, that the amount in controversy, exclusive of cost and interest, exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Hayes v. Equitable Energy Resources, Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

13. Zimmer can meet this burden through a "fair reading" of Plaintiff's Complaint, evidence of damages in similar lawsuits between other parties, common sense, and party affidavits, among other evidence. *Id.*; *see also Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 852-54 (E.D. Ky. 2006) (finding amount in controversy was met where compensatory damages were less than the jurisdictional amount, but plaintiff also claimed an unstated amount of punitive damages). The Sixth Circuit "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Hayes*, 266 F.3d at 572 (citation omitted).

14. In cases where a medical product was alleged to have caused injury, but not death, verdicts with damages regularly exceed $75,000. *See, e.g., Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1198 (10th Cir. 2002) (noting Kentucky jury verdict in case related to pharmaceutical drug in excess of $75,000). Other personal injury cases are also instructive. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (noting decision finding it apparent from the face of the complaint that damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and a temporary inability to do housework after hospitalization exceeded $75,000)); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding it apparent from the face of the complaint that damages including medical expenses,

physical and mental pain and suffering, loss of enjoyment of life, and permanent disability related to a slip-and-fall accident exceeded $75,000).

15. Further, punitive damages "must be included [in the amount-in-controversy calculation] unless such damages are barred by applicable state law." *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983). Kentucky permits punitive damages in tort actions, and Plaintiff seeks them here. Ky. Rev. Stat. § 411.184; *see also* Complaint, , at ¶ 58, pp. 10-11, Ex. A (Plaintiff's request for punitive damages in subsection d of his Prayer for Relief.)

16. Plaintiff alleges that he experienced "hardware failure and dissociation of the femoral head" component of the Device and that this caused him to "suffer[] severe pain and discomfort and the inability to function with his activities of daily living," including the need to undergo revision surgery to remove and replace the Device. Complaint, ¶¶ 2-3, 13-14, Ex. A.

17. Therefore, a fair reading of the Complaint and damages claimed shows that the amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a).

**D.      Venue and Other Requirements are Satisfied.**

18. The United States District Court for the Eastern District of Kentucky Central Division at Lexington includes Fayette County, the county in which the Action is now pending. Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), Zimmer is filing a written notice of this removal (attached hereto as **Exhibit B**) with the Clerk of the Circuit Court of Fayette County, Kentucky, which, along with this notice, is being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

20. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Zimmer is attached as **Exhibit A**.

For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(a), and removal is appropriate under 28 U.S.C. § 1441(a).

        Respectfully submitted,

        /s/ *David T. Schaefer*
        David T. Schaefer
        DINSMORE & SHOHL, LLP
        101 South Fifth Street, Suite 2500
        Louisville, Kentucky 40202
        david.schaefer@dinsmore.com

*Counsel for Defendants Zimmer Biomet Holdings, Inc., Zimmer, Inc., and Zimmer US, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 19, 2022, I filed the foregoing Notice of Removal via the Court's CM/ECF electronic filing system, which will give notice to all parties and their counsel of record.

Erin Smallwood
ALEX R. WHITE, PLLC
908 Minoma Avenue
Louisville, KY 40217
Phone:  502-882-7552
Fax:  502-585-3559
erin@arwhitelaw.com
*Counsel for Plaintiff*

                                         /s/ *David T. Schaefer*

25117286.1